UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CYNTHIA ROSALES, | ) | NO. ED CV 17-1845-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on September 11, 2017, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on November 6, 2017. Plaintiff filed a motion for summary judgment on January 25, 2018. Defendant filed a motion for summary judgment on February 26, 2018. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed September 13, 2017.

///
///

**BACKGROUND**

Plaintiff asserted disability since May 1, 2012, based on several alleged impairments (Administrative Record ("A.R.") 182-83,202). The Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (A.R. 20-177, 182-305, 315-569).

The ALJ found Plaintiff "has the following severe impairments: systemic lupus erythematosus, seizure disorder, obesity, and headaches" (A.R. 25). However, the ALJ also found Plaintiff retains the residual functional capacity to perform a reduced range of light work (A.R. 29). In reliance on the testimony of the vocational expert, the ALJ determined that a person having this capacity can perform Plaintiff's past relevant work (A.R. 32-33, 57). The Appeals Council denied review (A.R. 1-2).

**SUMMARY OF PARTIES' CONTENTIONS**

Plaintiff contends, and Defendant denies, that the ALJ failed to state legally sufficient reasons for discounting Plaintiff's testimony and statements regarding the intensity and persistence of Plaintiff's subjective symptomatology.

///
///
///
///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///
///
///
///

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

Contrary to Plaintiff's arguments, the ALJ stated legally sufficient reasons for discounting Plaintiff's testimony and statements. An ALJ's assessment of the accuracy of a claimant's testimony and statements regarding symptomatology is entitled to "great weight." See Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of
///
///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

malingering).[2] An ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling 16-3p.[3] As discussed below, the ALJ stated legally sufficient reasons for deeming Plaintiff's subjective complaints less than fully accurate.

As the ALJ pointed out, Plaintiff's testimony and written statements regarding the severity of her symptomatology were inconsistent with reports Plaintiff made to third party medical examiners (A.R. 30-31). For example, Plaintiff testified to daily pain of disabling severity (A.R. 50-51). Yet, Plaintiff reported to a medical examiner only "minimal" pain that "goes away with massage"

---

[2] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

[3] Social Security Rulings ("SSRs") are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). SSR 16-3p superseded SSR 96-7p, but may have "implemented a change in diction rather than substance." R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016); see also Treviso v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

(A.R. 501). For further example, Plaintiff asserted that seizures prevent her from working (A.R. 48, 55, 202, 256, 259-61). Yet, Plaintiff reported to a medical examiner during the period of alleged disability that she had not had any seizures for more than seven months (A.R. 486). Additionally, in January of 2015, Plaintiff reported to a medical examiner that her seizures, headaches and "memory loss" had improved with medication (A.R. 482, 519). An ALJ properly may discount the accuracy of a claimant's testimony based on inconsistencies in the claimant's own reports of her symptoms. See, e.g., Khanishian v. Astrue, 238 Fed. App'x 250, 252 (9th Cir. 2007); Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). Moreover, "[i]mpairments that can be controlled effectively with medication are not disabling. . . ." Warre v. Commissioner, 439 F.3d 1001, 1006 (9th Cir. 2006). Record evidence permits the conclusion that, with medication, Plaintiff's seizure disorder and headaches are not disabling (see, e.g., A.R. 469, 478, 494, 519; see also A.R. 385 (even when not on medication, Plaintiff reported having had only two seizures in six months).

The ALJ also pointed out that Plaintiff has been noncompliant with prescribed or recommended medication (A.R. 30). Although Plaintiff claims to suffer disabling pain from lupus, Plaintiff told medical examiners she would not take medication for lupus because she "tried not to take medications if not needed" (A.R. 481-82, 485-86, 494, 501; see also A.R. 490 (In July of 2015, Plaintiff reportedly
///
///
///

refused medication for lupus because her lupus was "under control").[4] Noncompliance with prescribed or recommended treatment can properly suggest that a claimant's symptoms have not been as severe as the claimant has asserted. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (unexplained or inadequately explained failure to follow prescribed course of treatment can cast doubt on claimant's credibility); see also Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) ("We have long held that, in assessing a claimant's credibility the ALJ may properly rely on unexplained or inadequately explained failure . . . to follow a prescribed course of treatment") (citations and quotations omitted); SSR 16-3p ("if the individual fails to follow prescribed treatment that might improve symptoms, we may find that the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record").

The ALJ also relied on the objective medical evidence to discount Plaintiff's testimony and statements (A.R. 30-31). While a lack of objective medical evidence to corroborate the claimed severity of alleged symptomatology cannot form the "sole" basis for discounting the accuracy of a claimant's testimony and statements, the objective medical evidence is still a relevant factor. See Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the medical evidence suggests Plaintiff's

---

[4] Plaintiff has offered a number of inconsistent excuses for refusing lupus medication. The ALJ was not required to accept any of these excuses, including the excuse relating to claimed side effects from a particular lupus medication (see, e.g., A.R. 339). There is no evidence Plaintiff sought out from her doctors other medications or treatments that might not produce the assertedly undesired side effects.

problems have not been, and are not now, as profound as she has claimed. Notably, no physician of record opined that Plaintiff's impairments completely disable her from employment. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Administration's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1990).

The ALJ also mentioned several of Plaintiff's admitted daily activities (A.R. 30). Inconsistencies between admitted activities and claimed incapacity properly may impugn the accuracy of a claimant's testimony and statements under certain circumstances. See, e.g., Thune v. Astrue, 499 Fed. App'x 701, 703 (9th Cir. 2012) (ALJ properly discredited pain allegations as contradicting claimant's testimony that she gardened, cleaned, cooked, and ran errands); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (claimant's "normal activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances" was sufficient explanation for discounting claimant's testimony). However, it is difficult to reconcile certain Ninth Circuit opinions discussing when a claimant's daily activities properly may justify a discounting of the claimant's testimony and statements. Compare Stubbs-Danielson v. Astrue with Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability"); see also Diedrich v. Berryhill, 874

F.3d 634, 642-43 (9th Cir. 2017) (daily activities of cooking, household chores, shopping and caring for a cat insufficient to discount the claimant's subjective complaints). Because of the difficulty in reconciling such cases, the Court in the present case elects not to rely on the ALJ's findings regarding Plaintiff's admitted activities. Assuming arguendo that the ALJ's arguable partial reliance on Plaintiff's admitted activities was improper, the Court nevertheless upholds the ALJ's determination. Under Carmickle v. Commissioner, 533 F.3d at 1163, the infirmity of one or two supporting reasons for an ALJ's determination regarding subjective symptoms does not require overturning the determination if independently valid supporting reasons remain. As discussed above, independently valid supporting reasons remain in the present case.

In sum, the ALJ stated sufficient reasons to allow the Court to conclude that the ALJ discounted Plaintiff's testimony and statements on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the ALJ's determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to ALJ's determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[5]

---

[5] The Court should not and does not determine de novo the accuracy of Plaintiff's testimony and statements concerning her subjective symptomatology. Some evidence suggests that her testimony and statements may be accurate. However, it is for the Administration, and not this Court, to evaluate the accuracy of Plaintiff's testimony and statements regarding the intensity and persistence of Plaintiff's subjective symptomatology. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 13, 2018.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE